# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| CHRISTINE MYER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 4:14-CV-23-TLS |
| | ) | |
| NATIONSTAR MORTGAGE LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

The Plaintiff, Christine Myer, has sued Nationstar Mortgage LLC. The Plaintiff's Complaint [ECF No. 1] invokes the Telephone Consumer Protection Act, Indiana Deceptive Consumer Sales Act, and the Fair Debt Collection Practices Act. On April 24, 2014, Defendant filed a Motion to Dismiss Count V of the Complaint, the Fair Debt Collection Practices Act claim, on grounds that it did not state a claim upon which relief could be granted. On May 15, the parties filed a Stipulation for Dismissal of Count V of the Plaintiff's Complaint for Damages, With Prejudice [ECF No. 13]. The parties stipulate to the dismissal of the Plaintiff's claim under the Fair Debt Collection Practices Act, and acknowledge that the other claims (Counts I through IV) remain pending.

Stipulated dismissals under Rule 41(a)(1)(A)(ii) do not require judicial approval. *See* Fed. R. Civ. P. 41(a)(1)(A)(ii) (stating that "the plaintiff may dismiss an action without a court order by filing . . . a stipulation of dismissal signed by all parties who have appeared"); *Jenkins v. Vill. of Maywood*, 506 F.3d 622, 624 (7th Cir. 2007) (noting that a voluntary dismissal under Rule 41(a)(1) is effective upon the filing of the stipulation); *McCall-Bey v. Franzen*, 777 F.2d 1178, 1185 (7th Cir. 1985) ("Rule 41(a)(1)(A)(ii) requires that the stipulation be filed in court, and the date of filing is the date the dismissal takes effect."). However, Rule 41(a) speaks in

terms of dismissing an "action" but does not mention the dismissal of individual claims, *see*

*Berthold Types Ltd. v. Adobe Sys. Inc.*, 242 F.3d 772, 776 (7th Cir. 2001) (noting that Rule

41(a)(1) speaks in terms of dismissing an action, not a claim) and thus does not apply here. This

Court follows the reasoning set forth in *Gatling v. Nickel*, 275 F.R.D. 495, 2011 WL 2579944

(E.D. Wis. June 28, 2011), where the district court invoked Rule 41(a)(2) to dismiss individual

claims—but not the entire action—pursuant to a stipulation of the parties. The *Gatling* court

noted the general consensus that Rule 41(a) provides for the voluntary dismissal of an action as

opposed to individual claims. *Gatling*, 275 F.R.D. at 496. However, the court further stated:

> On the other hand, it should be noted that Rule 41(b), which allows a defendant to move for involuntary dismissal, permits the movant to request and the court to grant dismissal of the entire action, or particular claims. Fed. R. Civ. P. 41(b). While certain cases have read this dichotomy to indicate that Rule 41(a) thus does not permit dismissal of individual claims, else it would so state, *see Hells Canyon Preservation Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 n. 7 (9th Cir. 2005), it does show that Rule 41 contemplates, more generally, a court's power to dismiss individual claims. Further, the cases which prohibit dismissal of individual claims under Rule 41(a) have tended to do so in an adversarial context, that is for example, the defendant opposed dismissal or the plaintiff attempted to characterize a dismissal as voluntary on appeal. It would seem needlessly constraining, where Rule 41 otherwise contemplates dismissal of individual claims, to prohibit the dismissal of individual claims under Rule 41(a) where both parties have stipulated to such. Thus, the court is satisfied that it has the power to enter an order in this situation.

*Gatling*, F.R.D. at 496.[1]

In consideration of the procedural context of this case and the parties' submissions, the

Court finds that it has the power, as the court did in *Gatling*, to enter an order pursuant to Rule

---

[1] Other courts have required that a plaintiff who wishes to drop some claims but not others should do so by amending the complaint pursuant to Rule 15. *See, e.g., Cedar Lakes Ventures I, LLC v. Town of Cedar Lake, Ind.*, No. 2:10-cv-255, 2010 WL 3927508, at *2 (N.D. Ind. Oct. 4, 2010) (converting "faulty" Rule 41(a)(2) motion into a Rule 15 motion to amend the complaint); *Bibbs v. Newman*, 997 F. Supp. 1174, 1177 (S.D. Ind. 1998) ("A motion to dismiss voluntarily a single claim in a multi-count complaint is more properly treated as an amendment to the original complaint under Fed. R. Civ. P. 15(a).").

41(a)(2) to dismiss certain claims. The Court further finds that dismissal of the claim is appropriate because the Defendant has not filed a summary judgment motion against the Plaintiff, the Defendant agrees to the dismissal, and the dismissal will be with prejudice. The context in which dismissal is sought is not adversarial and there is no prejudice to the Defendant in allowing the dismissal. It would serve no purpose here, where the parties have stipulated to the dismissal, to require the Plaintiff to move to amend her complaint (or construe the stipulation as a motion to amend), for which leave would be freely granted, and then require the Defendant to answer the new complaint.

## CONCLUSION

Having construed the parties' Stipulation as a request for a Court order, the Court GRANTS the dismissal [ECF No. 13] of Count V of the Plaintiff's Complaint With Prejudice. Counts I through IV of the Complaint remain pending and the Defendant has 20 days following the entry of this Order to file a pleading in response to the remaining counts. The Motion to Dismiss [ECF No. 11] is rendered moot.

SO ORDERED on May 19, 2014.

                                           s/ Theresa L. Springmann
                                          THERESA L. SPRINGMANN
                                          UNITED STATES DISTRICT COURT
                                          FORT WAYNE DIVISION